IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GOMEZ T. COOK,
    Petitioner,

vs.                                        Case No.: 1:17cv164/MW/EMT

SECRETARY FLORIDA DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

This cause is before the court on a petition for writ of habeas corpus filed by Petitioner under 28 U.S.C. § 2254 (ECF No. 1). Respondent filed a motion to dismiss for lack of jurisdiction, on the ground that the petition is impermissibly successive (ECF No. 17). Petitioner filed a reply (*see* ECF No. 19).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). After careful consideration of the issues presented by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases. It is further the opinion of the undersigned that the record before the court shows that the petition is

subject to dismissal as an unauthorized "second or successive" habeas corpus application.

I. BACKGROUND AND PROCEDURAL HISTORY

Following a jury trial in the Circuit Court in and for Alachua County, Florida, Case No. 2000-CF-004245, Petitioner was convicted of one count of robbery with a deadly weapon (*see* ECF No. 1 at 1–2). The trial court sentenced him to life in prison without the possibility of parole (*id.* at 1). The Florida First District Court of Appeal affirmed the judgment on January 27, 2003. Cook v. State, 837 So. 2d 966 (Fla. 1st DCA 2003) (Table).

In the instant § 2254 petition, Petitioner states, under penalty of perjury, that he has not previously filed any type of petition, application, or motion in a federal court regarding the conviction he is challenging in his § 2254 petition (*see* ECF No. 1 at 17, 20).[1] However, in Petitioner's reply, he acknowledges he twice sought federal habeas corpus relief from the same conviction, the first time in 2005 and the second in 2011 (ECF No. 19 at 1). The court's docket confirms that in 2005, Petitioner filed a § 2254 petition challenging the same criminal judgment. *See* Cook v. McDonough, Case No. 1:05cv135/MMP/WCS, Petition, ECF No. 1 (N.D. Fla. Aug. 9, 2005). The district

---

[1] The court references the page numbers assigned by the court's electronic filing system rather than the page numbers of the original documents.

Case No.: 1:17cv164/MW/EMT

court, adopting the report and recommendation of the magistrate judge, denied the petition on the merits. *See id.*, Report and Recommendation, ECF No. 29 (N.D. Fla. Jan. 10, 2007), Order Adopting Report and Recommendation, ECF No. 33 (N.D. Fla. Jan. 30, 2007). The Eleventh Circuit Court of Appeals granted a certificate of appealability on one procedural issue, and then affirmed the denial of the habeas petition on the procedural ground and on the merits. *See id.*, Appeal Record Returned, ECF No. 59 (N.D. Fla. Mar. 25, 2008).

In 2011, Petitioner filed a second § 2254 petition challenging the same criminal judgment. *See* Cook v. Tucker, Case No. 1:11cv263/SPM/GRJ, Petition (N.D. Fla. Dec. 13, 2011). The district court, adopting the report and recommendation of the magistrate judge, dismissed the petition for lack of jurisdiction, on the ground that the petition was impermissibly successive. *See id.*, Report and Recommendation (N.D. Fla. Dec. 15, 2011), Order (N.D. Fla. Feb. 21, 2012).

Petitioner filed the instant § 2254 petition on June 27, 2017, challenging the same state court judgment (ECF No. 1).

II.   ANALYSIS

Federal courts are courts of limited jurisdiction, and may only hear cases where authorized by the Constitution and by statute. *See* Kokkonen v. Guardian Life Ins.

<u>Co. of Am.</u>, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Section 2244 provides, in relevant part:

> **(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> **(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244; *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2015) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").

Case No.: 1:17cv164/MW/EMT

A district court lacks jurisdiction to hear a second or successive § 2254 petition absent authorization from a Court of Appeals. 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152, 157, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition because prisoner failed to obtain order from court of appeals authorizing him to file it); Fugate v. Dep't of Corr., 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

Here, review of the magistrate judge's report and recommendation in Petitioner's first habeas action, which the district judge adopted, demonstrates that Petitioner's 2005 petition qualified as a first petition for the purpose of determining successor status, because it was denied on the merits.[2] Therefore, the instant petition qualifies as "second or successive" for purposes of § 2244(b)(3). Petitioner has not

---

[2] Some types of collateral challenges do not render subsequent habeas petitions "second or successive." See Panetti v. Quarterman, 551 U.S. 930, 945, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007) (a claim of incompetency under Ford v. Wainwright, 477 U.S. 399, 106 S. Ct. 2595, 91 L. Ed. 2d 335 (1986) was not successive, because the claim was not ripe until the petitioner's execution was scheduled); Slack v. McDaniel, 529 U.S. 473, 486–87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011) ("Because the basis for his Johnson [v. United States, 544 U.S. 295, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005)] claim did not exist before his proceedings on his initial § 2255 motion concluded, Stewart's numerically second motion is not "second or successive," and § 2255(h)'s gatekeeping provision does not apply. . . . Stewart's situation falls within what the Fifth Circuit recognized is a small subset of unavailable claims that must not be categorized as successive."); McGiver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive").

shown that he obtained permission from the Eleventh Circuit to file a second or successive petition.

In Petitioner's reply, he contends the "gatekeeping" provision of § 2244 applies only to successive habeas petitions in which a petitioner relies upon newly discovered evidence or new decisional law of the Supreme Court (*see* ECF No. 19 at 1–2). Petitioner contends he does not present such a claim in the instant petition; instead, he presents a claim of actual innocence (*id.* at 2). Petitioner contends such claims may be reviewed by the district court pursuant to Schlup v. Delo, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) and House v. Bell, 547 U.S. 518, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006) (*id.*). As the basis for his actual innocence claim, Petitioner asserts that a video recording from the liquor store from which he attempted to shoplift two bottles of wine, will show that he did not carry or use a weapon during the course of the robbery (*id.* at 2–3).[3]

---

[3] In Petitioner's 2005 federal habeas petition, he argued that the evidence was insufficient to support the armed robbery conviction, because he did not threaten the store manager with a knife until after he had dropped the bottles of wine and fled to an awaiting vehicle. *See* Cook, Case No. 1:05cv135/MMP/WCS, Report and Recommendation, ECF No. 29 at 2–7 (N.D. Fla. Jan. 10, 2007). The court adopted the magistrate judge's conclusion that the claim lacked merit, because Cook used the knife in his attempt to flee, and that conduct satisfied the "used force and violence" and "deadly weapon" elements of armed robbery. *See id.*

Case No.: 1:17cv164/MW/EMT

Page 7 of 10

The court rejects Petitioner's argument that his actual innocence claim may be reviewed notwithstanding § 2244(b)(3)(A). Petitioner's failure to obtain permission from the Eleventh Circuit prior to filing the instant § 2254 petition operates as a jurisdictional bar that precludes this district court's consideration of the petition. *See* 28 U.S.C. § 2244(b)(3)(A); Burton, 549 U.S. at 152, 157; Fugate, 310 F.3d at 1288. Once a court determines that it lacks subject matter jurisdiction, it "is powerless to continue." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Therefore, Petitioner's actual innocence claim is not reviewable.[4] *See, e.g.*, Waul v. Sec'y, Fla. Dep't of Corr., 726 F. App'x 766, 767 (11th Cir. 2018) (unpublished but recognized as persuasive authority) (affirming district court's dismissal of petitioner's second § 2254 petition for lack of jurisdiction, and noting that petitioner's actual innocence claim was not reviewable, because petitioner did not obtain permission from Eleventh Circuit prior to filing second or successive § 2254 petition); Jeremiah v. Terry, 322 F. App'x 842, 845 (11th Cir. 2009) (affirming district court's dismissal of successive § 2254 petition for lack of jurisdiction, and noting that facts underlying petitioner's actual innocence claim existed at the time he filed his first federal habeas

---

[4] Petitioner's reliance upon Schlup and House is misplaced. Both of those cases involved the actual innocence exception to the procedural bar/default rule, not the jurisdictional bar of § 2244(b)(3).

Case No.: 1:17cv164/MW/EMT

petition, therefore, he was required to seek permission from Eleventh Circuit prior to filing successive § 2254 petition in district court).

III.     CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Buck v. Davis, 580 U.S.—, 137 S. Ct. 773 (2017) (quoting Miller-El, 537 U.S. at 327). Here, Petitioner cannot make that

showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 17) be **GRANTED**.

2. That Petitioner's § 2254 petition (ECF No. 1) be **DISMISSED for lack of jurisdiction**, pursuant to 28 U.S.C. § 2244(b).

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 17th day of July 2018.

> */s/ Elizabeth M. Timothy*
> **ELIZABETH M. TIMOTHY**
> **CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use</u>**

Case No.: 1:17cv164/MW/EMT

**only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**